**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

GEORGE KORBA; L. KEITH HUNTER;
ANN MARIE MCCULLOUGH; PATRICK
MCCULLOUGH; MADELINE PETRELLI;
KENNETH RYAN; PATRICIA CANDARAS,
Plaintiffs-Appellants,

v.

MASTERS, MATES AND PILOTS PENSION
PLAN; TIMOTHY A. BROWN, Captain,
individually and as Plan Trustee;
JAMES T. HOPKINS, JR., Captain,
individually and as Plan Trustee;
ROBERT DARLEY, Captain,
individually and as Plan Trustee;

No. 99-2430

PAUL NIELSEN, individually and as
Plan Trustee; GLEN BANKS, Captain,
individually and as Plan Trustee;
EDWARD W. SIMMONS, Captain,
individually and as Alternate Plan
Trustee; PETRO KURKIMILIS, Captain,
individually and as Alternate Plan
Trustee; RICHARD CONNELLY,
Captain, individually and as
Alternate Plan Trustee; FLORIN
DENTE, individually and as Alternate
Plan Trustee,
Defendants-Appellees.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
William M. Nickerson, District Judge.
(CA-98-3770-WMN)

Argued: May 5, 2000

Decided: May 26, 2000

Before WILKINS, MICHAEL, and TRAXLER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Bruce M. Luchansky, KOLLMAN & SHEEHAN, P.A., Baltimore, Maryland, for Appellants. Kenneth M. Johnson, TUG-GLE, DUGGINS & MESCHAN, P.A., Greensboro, North Carolina, for Appellees. **ON BRIEF:** Ernest A. Cohen, Tucson, Arizona, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellants, several current and former employees of the Masters, Mates and Pilots Pension Plan ("the MM&P Plan" or "the Plan"), appeal an order of the district court granting summary judgment to the Plan and its Trustees (collectively, "Appellees") on Appellants' claims under the Employee Retirement Income Security Act of 1974 for wrongful denial of benefits and breach of fiduciary duty. See 29 U.S.C.A. § 1132(a)(1)(B), (a)(3) (West 1999). Finding no error, we affirm.

2

I.

The MM&P Plan is a multi-employer plan that provides pension benefits to retired officers of the American merchant marine service. The Plan employs personnel to administer it and several other plans. As of 1983, all Plan employees are eligible to receive retirement benefits as participants in the Plan. Prior to 1983, however, only supervisory employees received pension credit under the Plan; clerical employees received pension credit pursuant to a different retirement plan.

Appellants all began employment with the Plan as clerical employees, and at various times between 1968 and 1983 were promoted to supervisory positions. When each Appellant was promoted to a supervisory position with the MM&P Plan, he or she began to earn pension credit under the MM&P Plan. Appellants claim that they were also awarded, and are entitled to, pension credit under the MM&P Plan for their years of service as clerical employees.

Appellants' claim is based in part upon a 1966 resolution of the Board of Trustees awarding retroactive pension credit under the MM&P Plan to certain clerical employees promoted to supervisory positions with the Plan. As of 1965, the MM&P Plan was jointly administered with the Seafarers' Fund and several other maritime industry plans. When the Trustees elected to end joint administration and begin self administration in 1966, they sought to retain former clerical employees of the Seafarers' Fund to serve as supervisory employees of the MM&P Plan. As an incentive, the Trustees voted to award these employees pension credit under the MM&P Plan for their years of clerical service with the Seafarers' Fund. The resolution memorializing this decision specifically identified the employees who were to receive retroactive pension credit; Appellants were not among the identified employees.

When Appellants were promoted to supervisory positions with the MM&P Plan, they were informed by their superiors and Plan administrators (none of whom were Trustees) that they would receive retroactive pension credit for their years of service as clerical employees. Additionally, Appellants' employment records contain calculations of pension credit that include credit for periods when Appellants were

3

clerical employees. Based on the information given them upon their promotions and the calculations of pension credits, Appellants believed that their retirement benefits would be determined based on all of their years of service with the MM&P Plan. They brought this action after their attempts to confirm their entitlement to the retroactive pension credits were denied by the Trustees.

The district court granted summary judgment to Appellees, reasoning that the MM&P Plan did not provide for any award of pension credit to Appellants for their service as clerical employees and that no action of the Trustees had amended the Plan to provide such credit. The district court further rejected Appellants' claim that Appellees were estopped from denying them the credit and that the Trustees had breached their fiduciary duties.

II.

Having reviewed the parties' briefs and the applicable law, and having had the benefit of oral argument, we conclude that the district court correctly decided the issues before it. Accordingly, we affirm on the reasoning of the district court. See Korba v. Masters, Mates & Pilots Pension Plan, No. 98-3770 (D. Md. Sept. 24, 1999).

AFFIRMED

4